1  PHILLIP A. TALBERT
   United States Attorney
2  KURT A. DIDIER
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5
   Attorneys for Plaintiff
6  United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:17-MC-0042-MCE-KJN |
| Plaintiff, | **STIPULATION RE GARNISHMENT; AND ORDER THEREON** |
| v. | [No Hearing Requested] |
| VENUS LATRES DAWSON, | |
| Defendant and Judgment Debtor, | Criminal Case No.: 2:08-CR-00482-LKK |
| TELECOM, INC., (and its successors and assigns) | |
| Garnishee. | |

Plaintiff United States and defendant and judgment debtor Venus Latres Dawson (collectively the Parties), hereby stipulate to a final resolution of the United States' pending garnishment action against Ms. Dawson as follows:

1. On March 9, 2017, the United States sought a writ of garnishment against the wages and other monetary compensation Ms. Dawson earns from her employer Telecom, Inc. Misc. Case ECF No. 3. The Clerk of Court issued the requested writ on March 10, 2017. ECF No. 6.

2. By its writ, the United States seeks to enforce the criminal monetary penalties the Court imposed against Ms. Dawson in criminal case No. 2:08-CR-00482-LKK. The Court sentenced Ms.

Stipulation re Garnishment and Order

1

Dawson on September 2, 2009, and ordered her to pay a $100 statutory assessment and $52,876.10 in restitution. CR ECF No. 32. The writ of garnishment seeks the amount of $40,263.53, representing the unpaid restitution balance of $36,603.21 and a ten percent (10%) litigation surcharge of $3,660.32 of the unpaid balance as authorized by 28 U.S.C. § 3011(a) of the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3001, *et seq*.

3. The United States served the writ of garnishment on garnishee Telecom, Inc. on March 10, 2017. MC ECF No. 4. Telecom, Inc. served its Acknowledgment and Answer (the Answer) to the United States' writ on March 15, 2017 (MC ECF No. 8), and its Amended Answer on April 5, 2017. MC ECF No. 10. The Amended Answer states that Ms. Dawson receives bi-weekly disposable earnings of $1,289.48. MC ECF No. 10.

4. Telecom, Inc. has been withholding 25% of Ms. Dawson's non-exempt, disposable earnings, wages and bonuses since March 24, 2017. The 25% withholding amount comports with the Consumer Credit Protection Act's 25% garnishment cap on a debtor's non-exempt disposable earnings. 15 U.S.C. § 1673(a)(1).

5. Following negotiations, the Parties have agreed to a settlement of this garnishment action and request that the Magistrate Judge approve the terms of their agreement as set forth below. The United States and Telecom, Inc. previously filed their consent to jurisdiction of the Magistrate Judge forms (MC ECF Nos. 7 and 9, respectively), and Ms. Dawson hereby consents to the Magistrate Judge's jurisdiction as well. To effectuate her consent, Ms. Dawson warrants that "in accordance with the provisions of Title 28, U.S.C. § 636(c)(1), [she] voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed."

6. To effectuate their settlement, the Parties agree that the Court can and should enter an order as follows:

A. Garnishing 25% of Ms. Dawson's non-exempt, disposable bi-weekly Telecom, Inc. bonuses, commissions, earnings, wages (the Garnishable Wages) earned during the period beginning March 24, 2017 and ending April 6, 2017;

B. Garnishing 2.5% of Ms. Dawson's bi-weekly Telecom, Inc. Garnishable Wages

1 payable after April 7, 2017 and continuing thereafter until this debt is paid in full or further order of
2 Court; and

3        C.    Directing Telecom, Inc. to pay the Garnishable Wages to the Clerk of Court as
4 stated more specifically in the accompanying order.

5      7.    This is a continuing writ of garnishment against Ms. Dawson's Telecom, Inc.
6 Garnishable Wages which shall remain in place until further Court order. The Court shall retain
7 jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

                      Respectfully submitted,

FOR THE UNITED STATES:

                      PHILLIP A. TALBERT
                      United States Attorney

Dated: April ____, 2017        By: _____
                      KURT A. DIDIER
                      Assistant United States Attorney

FOR THE DEFENDANT:

Dated: April ____, 2017        By: _____
                      VENUS LATRES DAWSON, in pro per

**O R D E R**

The Court, having reviewed the court files and the Parties' Stipulation re Garnishment (the "Stipulation"), and good cause appearing therefrom, hereby APPROVES the Stipulation. Accordingly, IT IS ORDERED that:

1. The United States' application for a final order of continuing garnishment is GRANTED.

2. Telecom, Inc. shall GARNISH 25% of defendant Venus Latres Dawson's bi-weekly bonuses, commissions, earnings, wages (the Garnishable Wages) earned during the period beginning March 24, 2017, and ending April 6, 2017;

3. Beginning on April 7, 2017, Telecom, Inc. shall GARNISH 2.5% of Ms. Dawson's bi-weekly Garnishable Wages until: the restitution amount is paid in full; further order of this Court; or Telecom, Inc. no longer has custody, possession or control of any property belonging to Ms. Dawson.

4. Telecom, Inc. shall DELIVER, within twenty (20) days of the filing of this order, a cashier's check, money order or company draft in the sum totaling the amounts to be garnished stated above, made payable to the Clerk of Court. Telecom, Inc. shall deliver the payment to the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento, California 95814. Telecom, Inc. shall state the docket number (Case No.: 2:08-CR-00482-LKK) on the payment instrument and, if it desires a payment receipt, shall include a self-addressed, stamped envelope with the payment.

5. Telecom, Inc. shall also provide the United States a written accounting of the amounts withheld from Ms. Dawson's payments during the period from service of the writ of garnishment to entry of this final order.

6. Following its payment of amount ordered in paragraph 4, above, Telecom, Inc. shall thereafter DELIVER, on a monthly basis, payments to the Clerk of Court consistent with this order. Telecom, Inc. shall NOTIFY the United States, within 30 days, of any change: in the amount of Ms. Dawson's earnings, wages and bonuses; in her employment status; or affecting Telecom's status as garnishee under this order.

7. This is a CONTINUING writ of garnishment against Ms. Dawson's Garnishable Wages

which shall remain in place until further Court order.  The Court RETAINS jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

8. The Clerk of Court shall administratively CLOSE this case.

IT IS SO ORDERED.

Dated: April 28, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Stipulation re Garnishment and Order